UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON D. KING

        Plaintiff,

v.                          Case No: 2:13-cv-344-FtM-29UAM

ASTRAZENECA
PHARMACEUTICALS, LP, and
ASTRAZENECA LP,

        Defendants.

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on May 6, 2013,[1] by plaintiff *pro se* prior to obtaining counsel. Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶¶ 1-6.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that she is a "resident" of Naples, Florida. (Doc. #1, ¶ 2.) "In order to be a citizen of a State

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege her citizenship. Therefore, no diversity of jurisdiction is alleged.

The Court granted a voluntary dismissal of most of the defendants, therefore only Astrazeneca Pharmaceuticals, LP and Astrazeneca LP remain at issue. (See Doc. #11.) Astrazeneca Pharmaceuticals, LP is alleged to be a Delaware limited partnership doing business in the State of Florida. (Doc. #1, ¶ 3.) The general and limited partners are identified as Astrazeneca Ab, Zeneca, Inc., Astra USA, Inc., KBI Sub, Inc., Astrazeneca UK Limited, and Astra USA Holdings Corporation, and each defendant is alleged to have a principal place of business

2

in New York, Delaware, New Jersey, London, England, and/or Illinois. (Id., ¶¶ 4-5.) Plaintiff does not identify the citizenship of the general and/or limited members of the partnership, and a limited partnership itself is not a citizen for jurisdictional purposes. Carden v. Arkoma Assocs., 494 U.S. 185, 189, 195 (1990). Therefore, the Court cannot determine the citizenship of the remaining defendants, or that diversity of jurisdiction is present. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

The Court further notes that the Complaint presents a shotgun pleading[2] with plaintiff essentially incorporating the preceding paragraphs in each prior count into each subsequent count. (Doc. #1, ¶¶ 39, 49, 55, 68, 75, 85, 94.) Therefore, the Complaint is also dismissed on this basis.

Accordingly, it is now

**ORDERED:**

---

[2] "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

4