UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON D. KING,

      Plaintiff,

v.                              Case No: 2:13-cv-344-FtM-29CM

ASTRAZENECA
PHARMACEUTICALS,    LP    and
ASTRAZENECA LP,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Motion to Dismiss (Doc. #22) filed on November 21, 2013. Plaintiff filed a Response to the Defendants' Motion to Dismiss (Doc. #27) on March 20, 2014. For the reasons set forth below, the motion is denied.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On May 6, 2013, plaintiff Sharon D. King filed an eight count complaint against defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP. (Doc. #1.) The complaint, however, was dismissed by the Court on September 19, 2013, for lack of subject matter jurisdiction. (Doc. #12.) Plaintiff filed a First Amended Complaint on October 2, 2013, setting forth two claims based on injuries allegedly caused by the drugs Prilosec and Nexium. Count I of the First Amended Complaint asserts a claim for negligence and Count II sets forth a claim for the negligent failure to warn. (Doc. #14.) In support thereof, plaintiff alleges as follows:

Prilosec was originally marketed by defendants as a prescription strength proton pump inhibitor (PPI) used for the treatment of the esophagus, which works by reducing acid in the stomach. When defendants released Nexium, also a prescription strength PPI, Prilosec became available without a prescription, commonly referred to as "over the counter." Defendants designed, marketed, manufactured, advertised, distributed, and sold Prilosec and Nexium for the treatment of heartburn, acid reflux, ulcers, and inflammation of the esophagus.

Plaintiff continuously took Prilosec, and then Nexium, from approximately 1990 until May 7, 2010. In 2005, plaintiff began exhibiting symptoms of hypomagnesaemia (a depletion of magnesium);

however, the diagnosis of hypomagnesaemia was not made until October 2009. Hypomagnesaemia occurs when the body is unable to absorb magnesium and can result in serious adverse events, including muscle spasms, irregular heartbeat, and convulsions. As a result of the condition, plaintiff suffered from numerous ailments and had to receive life-preserving infusions of magnesium. It was eventually revealed that there was a correlation between hypomagnesaemia and the use of Prilosec and Nexium. Upon learning of this correlation, plaintiff immediately discontinued her use of the medications and almost immediately resumed absorption of magnesium.

Although plaintiff learned of this correlation in 2010, defendants were aware of studies that found that Prilosec and Nexium blocked the absorption of magnesium, calcium, and potassium in as early as 2006. Warnings of these conditions were provided with Nexium in international markets, such as Scotland and the Netherlands, but were not disclosed in the United States until the Food and Drug Administration (FDA) revealed them in a Drug Safety Communication on or about March 2, 2011. Prior to this disclosure, defendants failed to inform consumers and the prescribing medical community about the well-established risks associated with the long-term usage of Prilosec and Nexium.

**III.**

In order to state a products-liability claim based on negligence, including negligent design or manufacture and failure to warn, the plaintiff must allege that: (1) the defendant owed a duty of care towards the plaintiff; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the product was defective or unreasonably dangerous. Cook v. MillerCoors, LLC, 829 F. Supp. 2d 1208, 1217 (M.D. Fla. 2011). Defendants assert that plaintiff has failed to adequately allege that the Prilosec and Nexium were defective or unreasonably dangerous.

Defendants, relying on Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597 (11th Cir. 2008), contend that the complaint should be dismissed because plaintiff has failed to allege the contents of the warning label, the information available to her physician, or otherwise describe the manner in which the warnings were inadequate. In Bailey, the Eleventh Circuit upheld the dismissal of a failure to warn claim because the plaintiff, in one conclusory sentence, alleged that a drug was "not accompanied by adequate instructions and/or warnings to fully apprise the prescribing physicians . . . of the full nature or extent of the risks and side effects associated with its use." Id. at 609. Because the plaintiff failed to allege what information was

available to his physician at the time of the administration of the drug or how the contents of the label were inadequate, the claim was properly dismissed.  Id.

Unlike the plaintiff in Bailey, King has provided more than one conclusory sentence to support her claim that the warnings were inadequate.  Specifically, plaintiff alleges that defendants knew that Prilosec and Nexium caused hypomagnesaemia in as early as 2006, but failed to provide any warnings about the risk.  (Doc. #14, ¶¶ 22, 36.)  The Court finds that these allegations plausibly suggest that the warnings accompanying Prilosec and Nexium were inadequate due to defendants' failure to warn of a known side effect; thus, plaintiff has adequately alleged that the products were defective or unreasonably dangerous.

Defendants also assert that the First Amended Complaint should be dismissed because plaintiff has failed to differentiate between the two products.  Plaintiff alleges that she took Prilosec and Nexium for approximately 20 years, but fails to specify when she took each product.  In Gomez v. Pfizer, Inc., 675 F. Supp. 2d 1159, 1163 (S.D. Fla. 2009), the court dismissed the plaintiffs' negligence claims because the plaintiffs failed to allege the relationship each defendant had to the products in question (Tylenol and Motrin) and failed to put the defendants on notice as to what products plaintiffs claimed were defective.  Here,

plaintiff alleges that defendants, as general partners, designed, marketed, manufactured, advertised, distributed, and sold the products in question, and that both products failed to warn of the risk of hypomagnesaemia. Because the allegations state defendants' relationship to the products in question and put defendants on notice as to the inadequate warnings accompanying the drugs, the Court finds that the lumping of Prilosec and Nexium into a single count does not warrant dismissal.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #22) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of April, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record